```
          IN THE UNITED STATES DISTRICT COURT
              WESTERN DISTRICT OF ARKANSAS
                   FORT SMITH DIVISION
```

GAIL SEAMSTER                                              PLAINTIFF

    v.                     Civ. No. 08-2089

C. CLAY ROBERTS, III and
JANE BERGERT                                              DEFENDANTS

# O R D E R

This is a legal malpractice case arising from the alleged improper handling of a products liability claim by Defendants, C. Clay Roberts and Jane Bergert. Before the Court are Defendants' Motion to Dismiss (doc. 12) and Motion for Summary Judgment. (Doc. 9). For reasons stated herein, Defendants' Motion to Dismiss is **GRANTED IN PART AND DENIED IN PART**, and Defendants' Motion for Summary Judgment is **DENIED**. The Court will separately address each motion.

## I. Motion to Dismiss

Defendants contend that this action should be dismissed because Plaintiff failed to serve process on Defendant Bergert. This legal malpractice action was originally instituted in the Circuit Court of Sebastian County, Arkansas, on June 28, 2006. It was removed to this Court on November 22, 2006. Bergert filed an Answer on that date and specifically pled insufficiency of process. On June 26, 2007, the Court granted Plaintiff's motion to serve Bergert by Warning Order, but the Order was never published. Plaintiff voluntarily nonsuited on August 8, 2007, and refiled her

Complaint on August 7, 2008.  Berget filed an Answer on December 23, 2008, and specifically pled insufficiency of process.

Plaintiff concedes that she failed to serve process on Bergert.  Bergert was neither served when this case was pending in Arkansas state court, nor following its removal to this Court on November 22, 2006, nor after refiling the case on August 7, 2008.  Thus, Bergert must be dismissed from this action.  Fed. R. Civ. P. 4(m).  The Court must now address whether the dismissal should be with or without prejudice.

"A federal court exercising diversity jurisdiction is required to apply the law of the forum when ruling on statutes of limitations." *Nettles v. American Tel. & Tel. Co.*, 55 F.3d 1358, 1362 (8th Cir. 1995).  Under Arkansas law, an action is commenced on filing a complaint. Ark. R. Civ. P. 3(a).  The effectiveness of filing is contingent on proper service of process. *Wright v. Sharma*, 330 Ark. 704, 706, 956 S.W.2d 191, 192 (1997).  The plaintiff has 120 days serve the defendant. Ark. R. Civ. P. 3(a).  Where the plaintiff fails to effectuate service within this time period, the action is never commenced, and the statute of limitations should be computed accordingly. *Wright*, 330 Ark. at 706, 956 S.W.2d at 192.

The statute of limitations for legal malpractice is three (3) years.  Ark. Code Ann. § 16-56-126.  The conduct that forms the basis of Plaintiff's malpractice action occurred on February 28,

2003, and 120 days thereafter.  Plaintiff failed to effectuate service in her original malpractice lawsuit, and as a result, she is not entitled to invoke the Arkansas savings statute.  *Green v. Wiggins*, 304 Ark. 484, 489, 803 S.W.2d 536, 539 (1991).  Thus, because more than three years have passed, Plaintiff has failed to serve Bergert within applicable limitations period, and her action is barred under Arkansas law.  Plaintiff's claim against Defendant Bergert is **DISMISSED WITH PREJUDICE**.  *Id*.

 Defendants further contend that the Court improperly granted an extension of time to serve Defendants.  As a result, they argue that Roberts should be dismissed from the lawsuit.  The Court addressed Plaintiff's Motion for an Extension of Time to Obtain Service in its Order dated December 8, 2008.  (Doc. 3).  To the extent that Roberts seeks reconsideration of that Order some eight months after filing his Answer, the request is untimely and **DENIED.**

**II.  Motion for Summary Judgment**

Defendant Roberts contends that he is entitled to summary judgment because the statute of limitations has run on Plaintiff's legal malpractice claim against him and because Plaintiff has failed to obtain an expert opinion in support of her underlying products liability claim.  In determining whether summary judgment is appropriate, the court must view the facts and inferences in the light most favorable to the non-moving party.  *Rabushka v. Crane Co.*, 122 F.3d 559, 562 (8th Cir. 1997).  The moving party bears the

burden of establishing the absence of issues of material fact in the record and of establishing that it is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 316 (1986). Once the moving party shows that there are no material issues of fact in dispute, the burden shifts to the nonmoving party to set forth facts showing that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. V. Zenith Radio*, 475 U.S. 574 (1986).

The following facts are undisputed.

1. Plaintiff alleges legal malpractice in connection with a complaint filed on February 28, 2003, and the failure of Defendant Roberts to effectuate service of that complaint or obtain an extension of the time period during which to do so.
2. This legal malpractice action was originally instituted in the Circuit Court of Sebastian County, Arkansas, on June 28, 2006.
3. After the malpractice action was removed to federal court, Plaintiff voluntarily nonsuited on August 8, 2007, and refiled her Complaint on August 7, 2008.

Defendant Roberts contends that the three-year statute of limitations for legal malpractice bars Plaintiff's claim. Ark. Code Ann. § 16-56-126. Under Arkansas law, it is well established that "the statute of limitations in an action against an attorney for negligence begins to run, in the absence of concealment of the wrong, when the negligence occurs, not when it is discovered by the

client." *Moore Inv. Co., Inc. v. Michell, Williams, Selig, Gates & Woodyard*, 91 Ark.App. 102, 107, 208 S.W.3d 803, 805 (2005).  A dispute of material fact makes summary judgment inappropriate.

Defendant Roberts's argument relating to the computation of the statute of limitations has two facets.  First, he points out that Plaintiff's legal malpractice claim was filed on June 28, 2006 while the complaint in the underlying products liability claim, which forms the basis for the malpractice, was filed on February 28, 2003.  He then states that because he was not authorized to practice law in Arkansas, malpractice occurring in relation to service of process cannot form the basis of a claim against him because his actions would have been a legal nullity.  *Davenport v. Lee*, 348 Ark. 148, 160, 72 S.W.3d 85, 94 (2002).  Thus, under Defendant's argument, the only actionable malpractice in this case occurred on or before February 28, 2003, and is barred by the three-year statute of limitations.

In her affidavit, Plaintiff states "[t]hat I was never told by Mr. Roberts . . . or anyone else in their office that they were not licensed to practice law Arkansas.  They assured me at all times that they could and were handling the case."  Thus, an issue of material fact exists as to whether Defendant Roberts actively concealed the fact that has was not licenced to practice law in Arkansas and that he could not fulfill the representation he undertook on behalf of Plaintiff.  As a matter of law, the Court

cannot determine whether the statute of limitations should be tolled for some period based on the fraudulent concealment exception to the occurrence rule.

Even under Defendant's argument, the undisputed facts demonstrate that Plaintiff's legal malpractice claim was instituted prior to the expiration of the statute of limitations for Roberts's alleged failure to effectuate service of the complaint or obtain an extension. This is because the time to serve process did not expire for 120 days following the filing of the complaint. The fact that Roberts was not licenced to practice law in Arkansas does not form a basis for summary judgment; it highlights the need for the trier of fact to hear this case. Thus, the undisputed material facts do not show that summary judgment is appropriate under Arkansas law.

Finally, Roberts contends that he is entitled to summary judgment because Plaintiff has not obtained an expert opinion concerning her underlying products liability claim. *Crawford v. Sears Roebuck & Co.*, 295 F.3d 884, 886 (8th Cir. 2002) (upholding summary judgment where plaintiff failed to present expert testimony relating to product defect). Contrary to Defendant's contention, Plaintiff has now disclosed an engineer who plans to testify and offer his opinion on her behalf. Thus, summary judgment is inappropriate.

### III.  Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss (doc. 12) is **GRANTED IN PART AND DENIED IN PART,** and Defendant Jane Bergert is **DISMISSED WITH PREJUDICE.**  Further, Defendants' Motion for Summary Judgment (doc. 9) is **DENIED.**  This case remains set for a bench trial on November 16, 2009.

IT IS SO ORDERED this 18th day of August, 2009.

                                       */s/ Robert T. Dawson*
                                       Honorable Robert T. Dawson
                                       United States District Judge